UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JACKIE SUZETTE DUGGAN )
ETC., *ET AL.* )
)
V. ) NO. 2:07-CV-184
)
BILLY D. RICH and )
GALLOWAY TRUCKING, LTD. )

**O R D E R**

Defendants have filed a motion *in limine* asking that the court prohibit the plaintiff from introducing any testimony or evidence regarding the deceased's "medical records." (Doc. 101).

Defendants correctly note that these medical records are hearsay and, in that regard, they argue that "no witness has been identified who would be qualified to provide the foundation for the qualification of those documents into evidence."

In response, plaintiff submits that the records should be admitted into evidence because she previously disclosed these records to defendants' counsel; signed an order allowing defendants to have access to the decedent's medical records; and she has not yet submtited her final witness list. Plaintiff further states in her response that her failure to identify the "custodian" of these records could not possibly prejudice the defendants because the custodian will not testify as to any material facts and "will act in merely a procedural role."[1]

At the hearing on this motion, defendants' attorney complained that plaintiff's counsel never identified any specific medical records; rather, so defendants' attorney says, plaintiff's

---

[1] Doc. 119, p. 2.

attorney merely delivered to him a collection of records identified as "medical records."

Plaintiff's attorney's rejoinder to that argument is that the records he generically identified as decedent's "medical records" indeed are the medical records; in other words, the records previously delivered to defendants' counsel, and identified as medical records, constitute one hundred percent of the medical records regarding plaintiff's decedent with respect to the injuries that ultimately resulted in his death.

The court agrees with plaintiff's counsel that the identity of the custodian is, by and large, an inconsequential matter; at least, *it should be.*

It will be plaintiff's burden to insure that the custodian (or custodians) of these records can establish the predicate underlying facts regarding admissibility as set forth in F.R.E. 803(6). If any custodian fails to connect all the dots required by that rule, then the records may not be introduced. Defendants' counsel will be listening to that testimony contemporaneously with the district judge. If any custodian fails to establish any of the requirements listed within Rule 803(b), then counsel can make an objection and the district judge will rule thereon.

Accordingly, defendants' motion, Doc. 101, is denied, without prejudice to defendants' right to renew the motion, if circumstances warrant, during the course of the trial itself.

SO ORDERED:

                                                    s/ Dennis H. Inman
                                                  United States Magistrate Judge