UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JACKIE SUZETTE DUGGAN )
ETC., *ET AL.* )
 )
V. ) NO. 2:07-CV-184
 )
BILLY D. RICH and )
GALLOWAY TRUCKING, LTD. )

## **O R D E R**

Defendants have filed a motion *in limine* to preclude plaintiff's expert witness, Dr. Bryce Anderson, from testifying in this case. (Doc. 107). Dr. Anderson is an accident reconstruction expert. Defendants' counsel goes to some pains to point out that they do not contest Dr. Anderson's credentials;[1] rather, defendants object to Dr. Anderson's methodology, to the facts he relied upon in formulating his opinions, and to what counsel asserts is the resulting lack of reliability of his conclusions. In other words, defendant's motion is a *"Daubert"* motion.

As an initial matter, defendants filed their motion eighteen months too late. On June 3, 2009, the district judge filed his scheduling order which directed the plaintiff to make her expert disclosures by September 1, 2009.[2] That same order also provided that "any objections to a proposed expert witness's competency to offer an expert opinion, or any objections to an expert's testimony under F.R.E. 701 - 7-6 and *Daubert*, shall be filed by

---

[1] Most likely because defendant's law firm has used, and perhaps is now using Dr. Anderson as an accident reconstruction expert witness in other cases.

[2] Doc. 34.

November 2, 2009.

On August 21, 2009, the magistrate judge filed an order that extended the plaintiff's expert disclosure deadline to October 1, 2009. That same order also provided that "any objection as provided in said paragraph 4 [in Doc. 34] must be filed by December 1, 2009.

Dr. Anderson submitted his report on August 31, 2009.

By order filed as Document 40, the magistrate judge extended the deadline for plaintiff to disclose another expert witness, Mike Napier, to November 1, 2009. That order went on to say that "objections to experts for the grounds described in the scheduling order shall be made by January 1, 2010."

By order filed as Document 42, the magistrate judge declared as moot defendants' motion to amend the scheduling order to extend the deadline for filing any objections to the plaintiff's proposed expert witnesses. That order also stated that "the deadline for filing objections to experts was extended to January 1, 2010 by prior order of this court. *See*, Order, Doc. 40."

Then, in Documber 44, the magistrate judge granted a joint motion of the parties regarding the expert Napier, and that order set a date to object **only** as to Napier and any expert retained by the defendants in response to Napier; the order explicitly stated that "all other deadlines set forth in the current scheduling order, *including those pertaining to all other experts*, remain in full force and effect." [emphasis supplied].

The deadline for defendants to file any objection to Dr. Anderson was January 1, 2010. Defendants filed their motion on June 27, 2011, eighteen months after the deadline. The

2

court has a purpose in requiring *Daubert* motions to be filed earlier than other motions *in limine,* which need not be discussed in this order; suffice it to say, there is a reason for it and defendants did not comply. On this account alone, defendants' motion regarding Dr. Anderson is denied.

Even on the merits, defendants' motion should be denied. Every argument raised by defendants' counsel in his motion involves a factual issue which, if resolved consistent with plaintiff's version of those facts, renders Dr. Anderson's opinion testimony both relevant and helpful.

Defendant's motion, (Doc. 107), is DENIED.

SO ORDERED:

s/ Dennis H. Inman<br>United States Magistrate Judge